UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GREGORY BARTLETT,

                    Plaintiff,

-against-

TRIBECA LENDING CORP. AKA
FRANKLIN CREDIT MANAGEMENT
CORP.,

                    Defendant.

18-CV-10279 (CM)

ORDER OF DISMISSAL
UNDER 28 U.S.C. § 1651

COLLEEN McMAHON, Chief United States District Judge:

      On January 29, 2016, Plaintiff was barred from filing any new civil action in this Court regarding his 2007 state-court foreclosure action without first obtaining from the Court leave to file. *See Bartlett v. Tribeca Lending Corp.*, No. 15-CV-6102 (LAP) (S.D.N.Y. Jan. 29, 2016). Because Plaintiff filed this new *pro se* case without first seeking and obtaining permission to file the complaint, on March 19, 2019, the Court dismissed this action without prejudice for Plaintiff's failure to comply with the January 29, 2016 order. On March 25, 2018, however, Plaintiff submitted a motion for leave to file a new complaint (ECF No. 6), in which he states that three days after filing the complaint, he submitted to the Court an application for permission to file this action (ECF No. 3). For the following reasons, the Court: (1) construes Plaintiff's new application for permission to file as a motion for reconsideration of the March 19, 2019 order dismissing this action; (2) grants the motion and vacates the March 19, 2019 order of dismissal and civil judgment (ECF Nos. 4-5); and (3) dismisses this action as frivolous and under the January 29, 2016 bar order.

## DISCUSSION

A. **Motion for Reconsideration**

The Court liberally construes Plaintiff's new application for permission to file this action (ECF No. 6) as a motion under Fed. R. Civ. P. 59(e) to alter or amend judgment and a motion under Local Civil Rule 6.3 for reconsideration, and, in the alternative, as a motion under Fed. R. Civ. P. 60(b) for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006); *see also Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010) ("The solicitude afforded to *pro se* litigants takes a variety of forms." (citations omitted)).

The standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). A movant must demonstrate that the Court overlooked "controlling law or factual matters" that had been previously put before it. *Id.* "A motion to reconsider will not be granted where the moving party is merely trying to relitigate an already decided issue," *Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258-59 (S.D.N.Y. 2009), largely because "[r]econsideration of a previous order by the Court is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources,'" *R.F.M.A.S., Inc.*, 640 F. Supp. 2d at 509 (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)).

Under Rule 60(b), a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Plaintiff asserts in the motion that the Court overlooked his first application for permission to file (ECF No. 3) and incorrectly dismissed this action for his failure to comply with the January 29, 2016 bar order. Because Plaintiff did submit an application for permission to file the complaint three days after he filed this action, the Court grants Plaintiff's motion for reconsideration.

The Court therefore vacates the May 19, 2019 order of dismissal and civil judgment (ECF Nos. 4-5).

**B.      Denial of Leave Application**

The Court now considers Plaintiff's motion for permission to file this action. Plaintiff contends in the motion that he should be permitted to file this action because he is now asserting constitutional grounds for relief under the Fourteenth Amendment. He asserts that Defendant has committed fraud and has violated his equal protection and fundamental rights in connection with a state-court foreclosure action. Plaintiff urges the Court to excuse his past ignorance and allow him to proceed with this action.

Plaintiff has previously filed three actions in this Court seeking relief from his 2007 state-court foreclosure action on various legal theories. *See Bartlett v. Tribeca Lending Corp.*, No. 14-CV-7888 (LAP) (Oct. 28, 2014) (*Bartlett I*); *Bartlett v. Tribeca Lending Corp.*, No. 15-CV-0602 (LAP) (S.D.N.Y. Dec. 27, 2015) (*Bartlett II*); *Bartlett v. Tribeca Lending Corp.*, No. 15-CV-6102 (LAP) (S.D.N.Y. Oct. 20, 2015) (*Bartlett III*). In *Bartlett I*, Plaintiff asserted constitutional claims under 42 U.S.C. § 1983 against Tribeca Lending and the state-court judge who presided over the foreclosure proceedings. The Court dismissed Plaintiff's constitutional claims because Tribeca Lending, a private entity not acting under color of state law, was not subject to § 1983 liability, and the state-court judge was entitled to judicial immunity from suit for his actions in the

foreclosure case. The Court also held that Plaintiff's claims were precluded under the *Rooker-Feldman* doctrine.

Plaintiff then filed *Bartlett II*, in which he asserted substantially the same claims but purported to seek relief under Fed. R. Civ. P. 59 and 60. The Court determined that the complaint was a duplicate of *Bartlett I* and declined to reconsider its decision in that action. The Court also warned Plaintiff that if he persisted in filing duplicative or meritless lawsuits in this Court, he would be ordered to show cause why he should not be barred from filing new civil actions about the 2007 foreclosure without permission of the Court.

Undeterred, Plaintiff filed *Bartlett III*. In that action, he again asserted claims arising from the 2007 state-court foreclosure action, requested that the Court reconsider his two prior cases and correct or vacate the state-court judgment, and sought to remove the state-court action to this Court. The Court denied Plaintiff's requests for reconsideration of *Bartlett I* and *Bartlett II*, determined that he could not remove his state-court action to this Court, and dismissed Plaintiff's claims under the doctrine of judicial immunity and the *Rooker-Feldman* doctrine. In addition, the Court directed Plaintiff to show cause why the Court should not enter an order barring him from filing any future civil action in this Court regarding his 2007 state-court foreclosure action without first obtaining permission from the Court to file. After Plaintiff submitted an affirmation, on January 29, 2016, the Court issued the order barring Plaintiff from filing any new action concerning his 2007 state-court foreclosure case without permission.

The Court, having reviewed Plaintiff's motion and the filed complaint, denies Plaintiff permission to proceed with this action. Plaintiff's motion for leave to file does not show that this new action is a departure from his previous frivolous litigation. He again seeks to assert purported constitutional claims against Tribeca Lending, a private entity, although the Court

previously dismissed such claims in *Bartlett I*. Because this action is a continuation of Plaintiff's pattern of vexatious and frivolous filings concerning his 2007 state-court foreclosure action, the Court denies his motion for permission to file and his IFP application, and dismisses this case as frivolous and under the January 29, 2016 bar order.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. Plaintiff's submission (ECF No. 6), construed as a motion for reconsideration, is granted. The Court vacates the Mary 19, 2019 order of dismissal and civil judgment (ECF Nos. 4-5). The Court further denies Plaintiff's application for permission to file the complaint and dismisses this action as frivolous and under the January 29, 2016 bar order.

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 12, 2019
        New York, New York

                                        COLLEEN McMAHON
                                   Chief United States District Judge